Filing # 34728785 E-Filed 11/20/2015 03:35:20 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA.

CASE NO.: 2015-CA-7015

DIVISION: CV-A

JOHN THOMAS
*Plaintiff,*

VS.

OFFICER R.D. ADAMS ,
OFFICER R.J. LISOTTA, and
THE CITY OF JACKSONVILLE,
*Defendants.*
_______________________________________/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, and through the undersigned counsel, brings this action seeking monetary damages and costs against Defendant Officers R.D. Adams (#5924), Officer R.J. Lisotta (#7780), and the City of Jacksonville. Plaintiff hereby alleges:

**GENERAL ALLEGATIONS**

1. This actions is for monetary damages that exceed $15,000.00 exclusive of costs and attorney's fees.

2. At all times relevant to this action, Mr. Thomas was a resident of Duval County, Jacksonville, Florida, and a citizen of the United States.

3. Venue is proper in this the Fourth Judicial Circuit, as the incident giving rise to this cause of action occurred in Duval County, Jacksonville, Florida.

4. At all times relevant to this action, Defendant Officer R.D. Adams was an adult resident of Duval County, Jacksonville, Florida and a citizen of the Untied States.

FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 11/23/2015 04:26:43 PM

5. At all times relevant to this action, Defendant Officer R.J. Lisotta was an adult resident of Duval County, Jacksonville, Florida and a citizen of the United States.

6. At all times relevant to this action, Defendant Officers R.D. Adams (#5924) and R.J. Lisotta (#7780) were members of the Jacksonville Sheriff's Office (hereinafter "JSO") and either acted under the color of law, or in their capacity as individuals outside of the scope of their employment with JSO.

7. As employees of JSO, Defendant Officers Adams and Lisotta were also employees of the City of Jacksonville.

## FACTUAL ALLEGATIONS

8. On November 6, 2011, Plaintiff and his friends were patrons at "Suite," an upscale nightclub located in the Jacksonville Town Center at 4880 Big Island Drive, Jacksonville, Duval County, Florida 32246.

9. While in Suite, Plaintiff was involved in a verbal altercation with another patron (hereinafter "Patron").

10. Defendant Officer Lisotta was "working while off-duty" in or around the adjacent area of 4880 Big Island Drive, Jacksonville, Duval County, Florida 32246.

11. Defendant Officer Lisotta then noticed several individuals who appeared to have been in a verbal altercation.

12. Defendant Officer Lisotta then requested the assistance of Officer Adams to make sure that Plaintiff walked to his car and left the area.

13. While Plaintiff was being escorted to his vehicle by the Defendant Officers Adams and Lisotta, Patron followed on the other side of the street and continuously threatened Plaintiff.

14. Defendant Officers Adams and Lisotta never attempted to prevent patron from following or threatening Plaintiff.

15. When Plaintiff arrived at and began to enter his vehicle, Defendant Officer Adams told Plaintiff to "take this show back to the ghetto."

16. Plaintiff then asked the Defendant Officers why such a comment was necessary.

17. Defendant Officers then notified Plaintiff that he would be arrested if he did not leave immediately.

18. As Plaintiff began to comply with this request, Defendant Officers notified Plaintiff that he was under arrest.

19. Plaintiff was not given an opportunity to comply without incident, as Defendant Officers reached into the vehicle, each grabbing one of Plaintiff's arms.

20. Plaintiff was violently pulled from his vehicle and thrown to the ground.

21. Plaintiff attempted to prevent injury to his face and chest by freeing his arms to brace his fall.

22. Once on the ground, Officers J.E. Moore and K.J. Guthrie assisted the Defendant Officers in handcuffing Plaintiff.

23. Defendant Officer Lisotta described handcuffing the Plaintiff in a subsequent report as follows: "I placed the suspect's arm into the Kimura technique (from behind my right hand grasped the suspect's left wrist). My left arm went over the suspect's arm and wrapped back underneath where I grabbed my own wrist for support). I pulled his left arm from the pavement to behind his back using both of my arms. As a result the suspect sustained a possible injury to his left arm."

24. Plaintiff never resisted the Defendant Officers with force.

25. Rescue was called to the scene and were unable to assess the extent of Plaintiff's injury.

26. Plaintiff was transported to the Pretrial Detention Facility where he was refused due to the evident pain and injury to Plaintiff's left arm.

27. Once at Shands Hospital, Plaintiff was given an X-Ray that revealed a mid-humeral diaphyseal fracture.

28. As a result of this injury, Plaintiff underwent surgery on November 18, 2011.

29. After surgery and an extensive rehabilitation period, Dr. Hartwig diagnosed Plaintiff with nerve damage stating that his electrodiagnostic study revealed "evidence of decreased amplitude and conduction velocity of the left radial nerve across the fracture."

30. Plaintiff's injuries are a direct result of the excessive force, assault, and battery perpetrated by the Defendant Officers while they either acted under color of law, or in their own individual capacities outside of the scope of their employment with JSO.

31. Prior to the date of Plaintiff's incident, Defendant Officer R.D. Adams was the subject of eighteen formal citizen complaints for which he received formal counseling four times, two written reprimands, and an in-house JSO complaint.

32. Prior to the date of Plaintiff's incident, Defendant Officer R.J. Lisotta was the subject of seven citizen complaints for which he received formal counseling three times, a performance referral, and a written reprimand.

33. As the employer of the Defendant Officers, the City of Jacksonville knew or should have known that the Defendant Officers were a danger to citizens in the Jacksonville community for various reasons.

34. Due to the amount of citizen complaints, the City of Jacksonville knew or should have known that the use of force by JSO was an epidemic issue which if addressed, could have avoided this incident.

**COUNT 1: VIOLATION OF FOURTH AMEDNMENT PROTECTIONS PURSUANT TO 42 U.S.C. §1983**
**CITY OF JACKSONVILE & DEFENDANT OFFICERS ADAMS AND LISOTTA**

35. Paragraphs 1 through 34 are hereby adopted and incorporated by reference herein.

36. At all relevant times, Defendant Officers were on duty at the time the incident with Plaintiff occurred.

37. At all relevant times, Defendant Officers employed excessive force and effectuated an unreasonable seizure when they broke Plaintiff's arm although he never resisted with force.

38. At all relevant times, the actions of the Defendant Officers constitute a willful, wanton, callous, and knowing disregard for Plaintiff's right to be free from unreasonable seizures pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

39. At all relevant times, this use of force is not an isolated incident and reflects upon a custom or policy for which the City of Jacksonville should have been aware.

40. At all relevant times, JSO's inability to prevent such an incident, provide adequate training, and/or properly punish or admonish to the Defendant Officers renders the City of Jacksonville deliberately indifferent for the purposes of a civil claim pursuant to 42 U.S.C. § 1983.

41. As a direct and proximate cause of the Defendant Officers' unlawful seizure of Plaintiff, damages were sustained, including, but not limited to: pain and suffering, physical injury, metal anguish, emotional stress, and embarrassment.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court to enter a judgment against Defendant Officers Adams and Officer Lisotta, the City of Jacksonville, and to grant the following reliefs:

(A) Actual Damages;

(B) Compensatory Damages;

(C) Costs and Fees for this Litigation; and

(D) Any other relief this Honorable Court deems just and proper.

**COUNT TWO: BATTERY**
**CITY OF JACKSONVILLE &**
**DEFENDANT OFFICERS ADAMS AND LISOTTA**

42. Paragraphs 1 – 34 are hereby adopted and incorporated by reference.

43. At all relevant times, while acting in the scope of their employment, Defendant Officers intentionally committed harmful or offensive contact to Plaintiff's person, without consent, by breaking his left arm.

44. As a direct and proximate result of the Defendant Officers battery committed against Plaintiff, damages were sustained, including, but not limited to: pain and suffering, physical injury, metal anguish, emotional stress, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court to enter a judgment against Defendant Officers Adams and Officer Lisotta, the City of Jacksonville, and to grant the following reliefs:

(A) Actual Damages;

(B) Compensatory Damages;

(C) Costs and Fees for this Litigation; and

(D) Any other relief this Honorable Court deems just and proper.

**COUNT THREE: BATTERY**
**DEFENDANT OFFICERS ADAMS & LISOTTA**

45. Paragraphs 1 – 34 are hereby incorporated by reference herein.

46. At all relevant times, Defendant Officers, in their personally capacities, intentionally committed harmful or offensive contact to Plaintiff's person, without consent, by breaking his left arm.

47. This amount of force was unreasonable under the circumstances.

48. As a direct and proximate result of the Defendant Officers battery committed against Plaintiff, damages were sustained, including, but not limited to: pain and suffering, physical injury, metal anguish, emotional stress, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court to enter a judgment against Defendant Officers Adams and Officer Lisotta, the City of Jacksonville, and to grant the following reliefs:

(A) Actual Damages;

(B) Compensatory Damages;

(C) Costs and Fees for the Litigation;

(D) Any other relief this Honorable Court deems just and proper.

**COUNT FOUR: NEGLIGENCE**
**CITY OF JACKSONVILLE**

49.) Paragraphs 1- 34 are hereby incorporated by reference.

50.) The City of Jacksonville, through JSO, owed a duty to the Jacksonville community to adequately train, discipline, and exercise proper termination practices with regard to the law enforcement officers policing the Jacksonville community.

51.) The City of Jacksonville, by and through the Defendant Officers, breached the above duties when: 1.) the City of Jacksonville failed to adequately train the Defendant Officers to prevent the use of excessive force; and/or 2.) the City of Jacksonville failed to adequately discipline the Defendant Officers for earlier transgressions in the line of duty; and/or 3.) the City of Jacksonville failed to protect Plaintiff and other members of the Jacksonville community from Officers who have demonstrated an inability to conform their conduct to the appropriate standards of their profession.

52.) As a direct and proximate result of the City of Jacksonville's negligence committed against Plaintiff, damages were sustained, including, but not limited to: pain and suffering, physical injury, metal anguish, emotional stress, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court to enter a judgment against Defendant Officers Adams and Officer Lisotta, the City of Jacksonville, and to grant the following reliefs:

(A) Actual Damages;

(B) Compensatory Damages;

(C) Costs and Fees for the Litigation;

(D) Any other relief this Honorable Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all triable issues. DATED this 20th day of November, 2015.

Respectfully submitted,

BY: /s/ Gonzalo Andux
Gonzalo Andux,
Florida Bar No.: 0525286
**Finnell, McGuinness, Nezami & Andux, P.A.**
2114 Oak Street
Jacksonville, FL 32204
Phone: (904) 791-1101
Fax: (904) 791-1102
GAndux@fmnlawyers.com